FRANCISCA SOSA-FERNÁNDEZ, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 549. Argued January 24, 1927.—Decided March 24, 1927.

*Juan B. Soto* for the petitioner. *Luis Campillo* for the defendant in the main action.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an action brought by Francisca Sosa Fernández

against her father, José Sosa Oliva, in which it is alleged that she is the legitimate daughter of the defendant and Ramona Fernández Betancourt; that her mother died intestate leaving as her sole and universal heirs the plaintiff and a son named José Sosa Oliva born of her marriage with the defendant; that when Ramona Fernández Betancourt died there existed personal community property valued approximately at $50,000 belonging to the conjugal partnership; that when Ramona Fernández married the defendant she received as dowry from her father, Francisco Fernández López, the sum of three thousand provincial dollars; that also when Francisco Fernández López died he left by will to his daughter, the mother of the plaintiff herein, the sum of 16,676 provincial dollars which added to the other sum made a total of $13,579.54 in American money, which amount at the time of the death of Ramona Fernández constituted her separate property and was in the possession of the defendant; that after the death of his wife, Ramona Fernández, and with the intent to deprive her heirs of their maternal inheritance, the defendant disposed of all the property belonging to her as well as the community property, appropriating to himself the proceeds thereof, with which the defendant then acquired the various real properties described in the complaint, recording them in his name in the registry of property without mentioning in any way the interests of the heirs of Ramona Fernández, and lastly that the defendant has refused to deliver such property to the judicial administrator appointed by the court on March 9, 1923.

The complaint was recorded in the registry in accordance with the provisions of section 91 of the Code of Civil Procedure, and the defendant moved the court below to have the entry canceled on the ground that as the action did not affect the title or the possession of the real property referred to, the said statute was not applicable. The court sustained the motion of the defendant and on December 21, 1926, issued

an order canceling the notice of the pendency of the action in the registry, and it is from that order that the present certiorari proceeding has been brought.

Section 91 of the Code of Civil Procedure reads as follows:

"In an action affecting the title or the right of possession of real property, the plaintiff at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby . . . . "

For the application of the said action we have to take into account the terms of the complaint and admit them to be true. It appears from this complaint that since Ramona Fernández Betancourt died on March 3, 1907, leaving two children born of her marriage to the defendant, up to the filing of the complaint, nineteen years have elapsed, and the defendant not only has failed to liquidate the community property belonging to the conjugal partnership and the separate property of the deceased, but that that property, consisting of personal property and money, has been substituted by real property acquired by him after he became a widower. A judicial administration seems to have been ordered for the purpose of the liquidation in which the nature of the property necessarily had to be established as a basis for its division and apportionment among the parties in interest. The present action tends to determine the nature of that real property, if the substitution was really made. That is why the prayer of the complaint reads as follows:

"Therefore the plaintiff prays the court to render a judgment declaring:

"First: That the property described in paragraph 6 of this complaint is the undivided common property of the heirs of Ramona Fernández Betancourt consisting of plaintiff Francisca Sosa Fernández, her brother José Sosa Fernández, and the defendant José Sosa Oliva, as provided by law.

"Second: That cancellation be made of the records of said properties in the registry of property in favor of defendant José Sosa Oliva and that instead said property be recorded as undivided common property in favor of the heirs of Ramona Fernández Betancourt and of the defendant José Sosa Oliva.

"Third: That the said property be placed in the possession of Justino del Valle, judicial administrator of the estate of Ramona Fernández Betancourt, for its administration, preservation and custody, in the manner provided by the Act of Special Proceedings."

It is a well known rule that when one of the members of a conjugal partnership dies the civil capacity of the surviving spouse is modified and he can not dispose of the community property without the consent of the other heirs. The reason therefor is that upon the death of the husband or the wife the conjugal partnership is dissolved and until its liquidation there are only co-heirs or co-owners of the common estate. It may occur, as is alleged in the present case, that from the date of dissolution by the death of one of the spouses to the liquidation of the estate the property in the possession of the widower or widow may undergo changes or substitutions may be made. Of course this can not happen in the case of real property, where if it is recorded, the law thus gives notice to third parties, and if it is not recorded its own immutable nature prevents its disappearance and the interested parties or the heirs are always secured. It is different in the case of personal property where its mutability may cause its disappearance. The law allows the substitution and subrogation of property during the marriage. The separate property of the wife or husband may be substituted by others and these preserve such nature so long as the origin of acquisition is shown clearly.

Therefore, the question involved in the main action is to decide on the merits whether the theory ruling during the marriage could be applied after its dissolution and until the liquidation of the conjugal partnership property, and that the substitution may profit the heirs in their respective

determined interests. We think that this is not the proper occasion for deciding that question; but in view of the allegations the action affects the title to the real property described in the complaint. It can not be said as contended by the defendant, that the action of the plaintiff is an action to recover money, as in the case of a promissory note or an ordinary debt. This would have the effect of begging the question. The claim would depend (and that would constitute a defense to be set up by the defendant) on the liquidation of a hereditary estate comprising several properties and recourse would be necessary to what is proposed by the plaintiff, viz., a judicial administration to liquidate and divide the property in conformity with the provisions of the Act of Special Proceedings enacted for such purposes on March 9, 1905.

For the foregoing reasons the order of the lower court of December 21, 1926, ordering the cancellation of the notice of the complaint must be set aside.